# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SPENCER D. MCVEIGH and** | ) |
| **LAUREN R. MCVEIGH,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No: _____ |
| | ) |
| **BANK OF AMERICA, N.A,** | ) |
| **BAC HOME LOAN SERVICING, L.P.,** | ) |
| **And MCCALLA RAYMER, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

This is an action brought by Plaintiffs, Spencer D. McVeigh and Lauren R. McVeigh (hereinafter referred to collectively as "Plaintiffs"), for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA"). Plaintiffs also seek compensatory and punitive damages for Defendants' violations of Alabama state law set forth herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, 1332, and 1367.

2. Venue is proper in that Defendants transact business in Etowah County, Alabama, and Plaintiffs reside in Etowah County, Alabama.

## **PARTIES**

3. Plaintiffs are residents and citizens of the State of Alabama, and are over the age of twenty-one (21) years. Plaintiffs are residents of Gadsden in Etowah County, Alabama.

4. Defendant, Bank of America, N.A., whose correct corporate status is unknown to Plaintiffs at this time, was, at all times relevant herein, conducting business in Etowah County, Alabama.

5. Defendant, BAC Home Loan Servicing, L.P, whose correct corporate status is unknown to Plaintiffs at this time, and believed to be a subsidiary of Defendant, Bank of America, N.A., was, at all times relevant herein, conducting business in Etowah County, Alabama.

6. Defendant, McCalla Raymer, LLC, whose correct corporate status is unknown to Plaintiffs at this time, was, at all times relevant herein, conducting business in Etowah County, Alabama.

7. The above mentioned named Defendants are hereinafter collectively referred to as "Defendants".

8. Defendants are debt collectors as defined by FDCPA, 15 U.S.C. § 1692a(6).

9. Defendants are engaged in the debt collection business. The Defendants principal purpose is to collect debts using the mail and telephone. Defendants regularly attempt to collect debts alleged to be due to them.

## FACTUAL ALLEGATIONS

10. Plaintiffs were the owners of real property in Paulding County, Georgia, known as 209 McClure Trail, Dallas, Georgia, 30132.

11. On or about October 16, 2008, Plaintiffs filed for a Chapter 7 Bankruptcy. Said bankruptcy was discharged by Order dated January 28, 2009.

12. The above described property was surrendered through the bankruptcy and Plaintiffs gave up all rights to the property. Defendants were notified of the surrender.

13. However, Defendants, through the filing of this Complaint, continuously attempt to collect the debt related to the property.

14. Defendants have been notified via letter, email, and phone that the property was surrendered through the Chapter 7 Bankruptcy and discharged and Plaintiffs no longer owe the debt associated with the property.

14. Defendants have sent numerous foreclosure notices, acceleration notices, and other debt collection correspondence to Plaintiffs' residence in an effort to attempt to collect the debt associated with the property.

15. Defendants have called Plaintiffs hundreds of times at all times of the day and night in an attempt to collect this debt.

16. Plaintiffs currently receive tax notices from Paulding County, Georgia claiming they owe property taxes for 2009, 2010, and 2011.

17. The alleged debt was primarily for personal, family, or household purposes.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d
### Harassment or Abuse

18. Plaintiffs adopt and incorporate paragraphs 1 through 17 as if fully set forth herein.

19. 15 U.S.C. § 1692d prohibits the Defendants from engaging in "any conduct the consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

20. The Defendants' reporting negative credit references to credit bureaus and demanding payment of a debt not due constitutes harassment, oppression, and abuse of the Plaintiffs.

21. Defendants knowingly reporting to credit bureaus of a negative credit references and continued attempts to collect a debt not due is harassing, oppressing, and abusing towards the Plaintiffs.

22. Defendants' violation of 15 U.S.C. § 1692d render them liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692K.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)
**Falsely representing the character, amount, or legal status of any debt.**

23. Plaintiffs adopt and incorporate paragraphs 1 through 22 as if fully set forth herein.

24. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from using false representations as to the character, amount, or legal status of any debt.

25. Defendants violated this portion of the FDCPA by reporting a negative credit reference to credit bureaus and attempting to collect a debt not due.

26. Defendants' violation, of 15 U.S.C. § 1692e(2)(A) renders them liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C.§ 1692k.

## COUNT III.
## VIOLATION OF 15 U.S.C. § 1692e(10)
**The use of false representation or deceptive means to collect or attempt to collect any debt.**

27. Plaintiffs adopt and incorporate paragraphs 1 through 27 as if fully set forth herein.

28.  15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

29.  Defendants violated § 1692e(10) by reporting a negative credit reference to credit bureaus and attempting to collect a debt not due constitutes a false representation or deceptive means to collect or attempt to collect a debt.

30.  Defendants' violation of 15 U.S.C. § 1692e(10) renders it liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
### Unfair practices

31.  Plaintiffs adopt and incorporate paragraphs 1 through 30 as if fully set forth herein.

32.  15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

33.  Defendants violated § 1692f by reporting a negative credit reference to credit bureaus and attempting to collect a debt not due.

34.  The actions of Defendants constitute either unfair or unconscionable means.

35.  Defendants' violation of 15 U.S.C. § 1692f renders it liable for damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter a judgment against Defendants, separately and severally, for the following:

a) Damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(i);

c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

d) For such other relief that is just.

## COUNT V
## PLACED IN A FALSE LIGHT

36. Plaintiffs adopt and incorporate paragraphs 1 through 35 as if fully set forth herein.

37. Defendants negligently, willfully, recklessly, and/or maliciously published and communicated false and defamatory information about Plaintiffs, their credit and their credit worthiness, which resulted in Plaintiffs being unreasonably placed in a false light.

38. The conduct of Defendants was objectionable to Plaintiffs and to any reasonable person in that it infers that they had a serious delinquent mortgage and was not credit worthy.

39. As a proximate result of Defendants placing Plaintiffs in a false light, Plaintiffs have suffered extreme financial losses as a result of the Defendants'

conduct, including but not limited to, the loss of credit opportunities, loss of cash flow, loss of credit availability, loss of credit worthiness, credit denials and other damages associated with the damaging information related to Defendants' conduct associated with the alleged debt made the basis of this suit.

40. As a further result of Defendant's conduct, Plaintiff has been caused to suffer out-of-pocket expenses in an effort to correct the defamatory credit reporting associated with the alleged debt, depression, anxiety, stress, anger, physical malaise (including loss of appetite, nausea upon eating, stress, loss of sleep, and physical illness), loss of financial independence and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant, separately and severally, for compensatory and punitive damages as determined by the jury who hears this matter and as based on the facts and law applicable to this case, plus costs herein.

## COUNT VI
## INVASION OF PRIVACY

41. Plaintiffs adopt and incorporate paragraphs 1 through 40 as if fully set forth herein.

42. Defendants undertook and/or directed a series of harassing and/or abusive communications to Plaintiff and reported false and derogatory credit information to various credit bureaus, constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

43. Said communications were systematic and continuous in number and made in disregard of Plaintiffs' right to privacy after their repeated communications disputing the debt and evidencing that the debt had been discharged and surrendered through bankruptcy. Said communications were made to force, coerce, harass, embarrass and/or humiliate Plaintiffs into paying a delinquent debt that they did not owe.

44. Said invasions were intentional, willful, reckless, and/or malicious and violated Plaintiffs' privacy.

45. Said communications constitute the wrongful intrusion into the Plaintiffs' private matters and activities, and an intrusion into their solitude and seclusion.

46. As a proximate result of Defendant's invasion into Plaintiff's privacy, Defendants have caused Plaintiffs to suffer the damages set out in Paragraphs 39 and 40 above for which Plaintiff seeks compensatory and punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendants, separately and severally, for compensatory and punitive damages as determined by the jury who hears this matter and as based on the facts and law applicable to this case, plus costs herein.

## COUNT VII
## DEFAMATION, LIBEL AND SLANDER

47. Plaintiffs adopt and incorporate paragraphs 1 through 46 as if fully set forth herein.

48. Defendants negligently, willfully and/or maliciously published and communicated false and defamatory statements regarding Plaintiffs to the national credit providers, business community, and public generally by publicizing foreclosure sales associated with the property. Said information was false in that it associated Plaintiffs with a mortgage loan delinquency which was false, inaccurate and not owed by them.

49. At the time said communications were made, Defendants knew, or should have known the falsity of the communications or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

50. Said communications were oral and/or written.

51. As a proximate result of Defendants' defamatory, libelous and/or slanderous communications, Defendants have caused Plaintiffs to suffer the damages set out in Paragraphs 39 and 40 above for which Plaintiffs seek compensatory and punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants, separately and severally, for compensatory and punitive

damages as determined by the jury who hears this matter and as based on the facts and law applicable to this case, plus costs herein.

          Respectfully submitted,

          **/s/Vincent F. Saylor**_____
          Vincent F. Saylor (asb-7638-i65s)
          Attorney for Plaintiff

OF COUNSEL:
GATHINGS LAW
2100 Third Avenue North, Suite 900
Birmingham, Alabama 35203
Phone: 205-322-1201
Fax: 205-322-1202
vsaylor@gathingslaw.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

**Please Serve Defendants via Certified Mail:**

**Bank of America, N.A.**
c/o The Corporation Company
200 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**BAC Home Loan Servicing, LP**
c/o CT Corporation System
350 North St. Paul, Street, Suite 2900
Dallas, Texas 75201

**McCalla Raymer, LLC**
c/o Erin Stark Brown
105 Tallapoosa Street, Suite 109
Montgomery, Alabama 36104

/s/Vincent F. Saylor_____
OF COUNSEL